# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JASON M. PAYNE,**

    Petitioner,

v.                                                               **CIVIL ACTION NO. 2:17-CV-126**
                                                                         **(BAILEY)**

**DAVID BALLARD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 36], filed June 12, 2018. In his R&R, the magistrate judge recommends that this Court deny petitioner Jason M. Payne's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254") [Doc. 1], filed October 23, 2017. The magistrate judge also recommends that this Court grant respondent David Ballard's Motion for Summary Judgment [Doc. 22], filed February 15, 2018. The magistrate judge further recommends that petitioner's Motion for an Evidentiary Hearing and Motion for Appointment of Counsel [Doc. 31] be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of the date the R&R was filed. Petitioner was granted multiple extensions of time to file objections and eventually timely filed his Objections to Report and Recommendation [Doc. 46] on August 27, 2018. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objections are made. This Court will review the remainder of the R&R for clear error.

## II. BACKGROUND

### A. State Court Criminal Proceedings

#### 1. Trial and Sentence

In 2007, petitioner was indicted by a grand jury sitting in the Circuit Court of Morgan County, West Virginia, for two felony counts of Breaking and Entering, one felony count of Grand Larceny, and one misdemeanor count of Destruction of Property. [Doc. 22-1]. As described in the indictment, the charges stem from petitioner's breaking into Century 21 and the Law Office of Sutton and Janelle, stealing a laptop and printer/scanner, and damaging of a door. [*Id.* at 1–3].

At a May 24, 2007, pre-trial hearing, Officer Craig Pearrell testified that petitioner initiated a conversation at a preliminary hearing. [Doc. 22-2]. According to Officer Pearrell's testimony, in the court room before the hearing started, petitioner told Officer Pearrell that

2

he planned on pleading no contest, and Officer Pearrell told petitioner he needed "to wait for [his] legal counsel" [*Id.* at 5–6]. According to Officer Pearrell's testimony, petitioner's attorney then arrived and advised petitioner of his rights to remain silent and "not to incriminate himself" in the court room in front of the magistrate and the advisement was put on the record. [*Id.* at 11–12]. After the hearing concluded, and after it was recorded that petitioner was advised of his right to remain silent and not to incriminate himself, petitioner subsequently discussed the case with Officer Pearrell, the prosecutor, and petitioner's counsel in the jury room. [*Id.* at 13–14]. In the discussions, Officer Pearrell testified that petitioner stated "he knew he had done wrong" and that "if we can let him out of jail for 72 hours, he can obtain the property." [*Id.* at 14]. Petitioner was also concerned about other people possibly being charged and Officer Pearrell told him that at that time there were no charges against any others. [*Id.* at 14–15].

Trial began on April 22, 2008. Testimony established the police discovered burglary tools and a backpack at petitioner's residence, and he was on video surveillance wearing the same backpack near the businesses who had been burgled. [Doc. 22-4, pp. 66, 71–72]. Additionally, testimony by petitioner's ex-wife establishes that she noticed a scanner in her home that did not belong to her or petitioner, and following petitioner's arrest, petitioner asked her to give it to the police because it was stolen. [*Id.* at 178–80]. She also testified that petitioner asked her to contact the police to see if they would "lessen the charges or help him out in anyway" if petitioner was to return the equipment. [Id. at 182].

After trial, petitioner was convicted on all counts. He was sentenced to an indeterminate period of incarceration of one to ten years for his conviction of felony breaking and entering (Count 1); two to ten years for his conviction of felony breaking and

3

entering (Count 2); one to ten years for his conviction of grand larceny (Count 3); and one year for his conviction of misdemeanor destruction of property (Count 4). [Doc. 22-6]. The sentences were ordered to run consecutively. [*Id.* at 2].

2. Direct Appeal

Petitioner filed an appeal with the West Virginia Supreme Court of Appeals ("WVSCA") on June 6, 2011, raising the following grounds:

(1) It was plain and prejudicial error for the court to fail to direct a verdict in favor of the defendant at the close of the State's case-in-chief and at the close of all of the evidence, or in the alternative, the jury's verdict was contrary to the evidence presented;

(2) It was plain and prejudicial error for the court to admit the records of Sheetz Corporation as well as the records of Mastercard Corporation, as a proper foundation for admission was not laid by the State of West Virginia;

(3) It was plain and prejudicial error for the court not to suppress the statements of the defendant made to Cpl. Pearrell made at this preliminary hearing as the state failed to show **Miranda** was complied with or that said statements were voluntary;

(4) It was plain and prejudicial error for the court not to suppress the statements of the defendant to Cpl. Pearrell made at his preliminary hearing as such statements were solicited under the promise of leniency designed to foment hope in the mind of the appellant and thus not voluntary; and

(5) That the trial court committed plain and prejudicial error by imposing a sentence so disproportionate to the crimes of conviction and thus unconstitutional.

[Doc. 22-10 at 6].[1]

On June 22, 2012, the WVSCA refused petitioner's appeal. [Doc. 22-13, p. 1]. The

---

[1] As mentioned in the R&R, three of the five assignments of error do not implicate the federal habeas petition. Therefore, assignments of error numbers one, two, and five are not discussed here because of they are based on West Virginia state case law, West Virginia rules of evidence, and the West Virginia state constitution, respectively.

WVSCA addressed petitioners arguments challenging the introduction of his statements. The WVSCA rejected petitioner's claims that the statements were not voluntary because they did not comply with *Miranda* and found that "all of petitioner's statements to Cpl. Pearrell were voluntarily made and that there was no abuse of discretion in the admission of the statements at trial." [*Id.* at 6].

### B. State Habeas Petition and Appeal

Petitioner filed a *pro se* petition for habeas corpus on November 5, 2012 [Doc. 22–14], and following appointment of counsel, filed an amended petition alleging multiple grounds attacking his conviction in the instant case and in addition to a separate criminal proceeding in which he was convicted of second degree murder. [Doc. 22-15]. Relevant to the criminal proceeding at issue in this instant action, petitioner alleged:

(1) Ineffective assistance of counsel for trial counsel's failure (a) to move to suppress petitioner's statements because they were made under a promise of leniency, (b) to object to the introduction of statements at trial, and (c) to raise certain grounds on appeal;

(2) Petitioner's right to due process was violated when he was convicted upon statements elicited under a promise of leniency and which were made in the course of plea negotiations;

(3) Cumulative effect of trial errors created a due process violation; and

(4) "Additional grounds" for which that petitioner admitted he "cannot offer factual or legal support."

[Doc. 22-15, pp. 8, 10–12, 16–17]. The Circuit Court of Morgan County denied relief. [Doc. 22-13].

Petitioner, by counsel, then filed an appeal [Doc. 22-17]. The WVSCA determined that the Circuit Court did not abuse its discretion or commit clear error in denying relief. [Doc. 22-19].

### C. Federal Court Proceedings

*1. The Petition*

Petitioner filed a Petition Under 28 U.S.C § 2254 for Writ of Habeas Corpus by a Person in State Custody on October 12, 2017. [Doc. 1]. Petitioner lists the following grounds for relief:

(1) "Trial Counsel's Failure to Move to Suppress the Petitioner's Statements Made Under a Promise of Leniency Prior to Trial Constitutes Ineffective Assistance of Counsel";

(2) "Petitioner's Right to Due Process was violated When He was Convicted upon Statements Elicited under a Promise of Leniency and Which were Made in the Course of Plea Negotiations"; and

(3) "Trial Counsel's Failure to Object to the Introduction of the Petitioner's Improperly Obtained and Involuntary Statements at Trial Constitutes Ineffective Assistance of Counsel."

[*Id.* at 6–10].

*2. Respondent's Motion for Summary Judgment*

First, respondent argues that in considering Grounds One and Three, petitioner's allegations of ineffective assistance of counsel, the Court should grant respondent's motion

for summary judgment and dismiss petitioner's petition because the WVSCA recognized and correctly applied the relevant legal standard, ***Strickland v. Washington***, to the ineffective assistance of counsel claims. Second, respondent argues that petitioner's due process rights as set forth in Ground Two were not violated because the WVSCA opinion "which found his statements were voluntary and lawfuly obtained is a reasonable interpretation of the factual record and relevant law." [Doc. 23, p. 12].

    *3. Petitioner's Response to Respondent's Motion for Summary Judgment*

In petitioner's response [Doc. 33] and Objections to the State's Memorandum of Law in Support of Motion for Summary Judgment [Doc. 34], petitioner attaches 19 exhibits that he claims are relevant and referred to throughout objections. This Court will not detail each document because each is not relevant to the issues at bar. One document attached is the written Action Taken Report [Doc. 34-1], prepared by a police officer on December 23, 2016. In this report, the officer recorded:

> Mrs. Payne then told the U/S officer that Jason realizes that he had done wrong and on Tuesday is probably going to plead no contest because Jason wants to get this over with and do what he needs to, so that he can be there for his new baby. The U/S officer then made a comment to Mrs. Payne that the laptop and scanner had still not been recovered. Mrs. Payne told the U/S officer that she was going to see Jason today (12-23-06) at the Eastern Regional Jail and wanted to know if Jason was to co-operate and give back the laptop and scanner if it would help his case. The U/S officer informed Mrs. Payne that **he could not make her any promises** but helping the police would definitely show that Jason is willing to co-operate and be favorable on his part. Mrs. Payne then stated she did know about the property or were it was located, but if Jason was to tell her and she could obtain it today (12-23-06) would it help Jason. The U/S officer then informed Mrs. Payne that if she was able to talk with Jason, and obtain the property to contact the U/S officer at 258-1198 or the 911 dispatch center at 258-0305 and they would contact the U/S officer. The U/S officer also, once again, informed Mrs. Payne that if this was done the U/S officer would speak with the prosecutor and inform the prosecutor that Jason Payne was co-operating.

[Doc. 34-1].

In his response and objections, petitioner continues to argue that his convictions and sentences violate the Constitution and that he has been prejudiced. He argues that he was denied due process when his statements made in the course of "plea negotiations" were used against him, and he was denied the right to effective assistance of counsel when counsel failed to move to suppress the statements or object to the introduction of the statements.

### 4. Magistrate Judge Seibert's R&R

On June 12, 2018, Magistrate Judge Seibert filed the instant R&R [Doc. 36], recommending that this Court deny and dismiss with prejudice petitioner's § 2254, deny petitioner's motion for evidentiary hearing and motion for appointment of counsel as moot, and grant respondent's motion for summary judgment. For the ineffective assistance of counsel claims, Magistrate Judge Seibert stated that the WVSCA already determined in petitioner's direct appeal and state habeas corpus appeal that his statements to Officer Pearrell were voluntarily given after petitioner had been advised by counsel to remain silent, so "[t]herefore, counsel's performance . . . could not have fallen below an objective standard of reasonableness because the statements were lawfully obtained, and therefore admissible." [*Id.* at 14].

For the due process violation allegations, Magistrate Judge Seibert states that because petitioner has not "articulated any unreasonable application of federal law which occurred in the state proceedings" or "allege that the state court's adjudication resulted in a decision based on an unreasonable determination of facts" that petitioner has not

established that he is entitled to relief under 28 U.S.C § 2254(d)(1). [*Id.* at 14–15].

    5. Objections to R&R

On August 27, 2018, petitioner filed his Objections to the instant R&R [Doc. 47], which contains thirteen objections.

III.  **STANDARD OF REVIEW**

The magistrate judge's R&R correctly explains the standard of review applicable to this case. Importantly, under 28 U.S.C. § 2254(d)(1), this Court may not grant federal habeas relief, unless it concludes that the state court's adjudication of the claim "was contrary to,[2] or involved an unreasonable application of,[3] clearly established Federal law, as determined by the Supreme Court of the United States." **Williams v. Taylor**, 529 U.S. 362 (2000). As noted by the Supreme Court of the United States, § 2254(d) is not a "substitute for ordinary error correction through appeal" but rather "preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" and protects against "extreme malfunctions" in the state criminal justice systems. **Harrington v. Richter**, 562 U.S. 86, 102-103 (2011). A state prisoner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair minded disagreement." *Id*.

---

[2] I.e. if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

[3] I.e. if the state court decision identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case, which is different from an erroneous application of federal law.

The standard is highly deferential and intended to be "difficult to meet." *Id*.

Additionally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by *clear and convincing evidence*. 28 U.S.C. § 2254(e)(1) (emphasis added). The Fourth Circuit has found that "[w]here the state court *conducted an evidentiary hearing and explained its reasoning with some care*, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." **Sharpe v. Bell**, 593 F.3d 372, 378 (4th Cir. 2010) (emphasis added). Federal court should not be used as a "do-over" to resolve factual disputes that the state court has already addressed. *Id*.

## IV. ANALYSIS

In his objections, petitioner specifically makes thirteen objections:

(1) Petitioner reiterates his argument that counsel's failure to move to suppress the petitioner's statements made under promise of leniency prior to trial constitute ineffective assistance. Additionally, petitioner waives any argument towards his original Grounds 2 and 3, the due process violation and the ineffective assistance of counsel claim for counsel not objecting to the introduction of the statements.[4]

(2) Petitioner objects to any deference that is given to the state court record.

(3) Petitioner objects to the recommendation to grant respondent's motion for summary judgment.

---

[4] In his objections, petitioner states as subsection (a) of Objection No. 1 that he "waves [sic] and dismisses grounds 2 and 3." [Doc. 47, p. 1].

(4) Petitioner objects to the recommendation to deny petitioner's motion for evidentiary hearing and motion for appointment of counsel.

(5) Petitioner objects to the R&R's determination that the state court's decision was not contrary to or involves an unreasonable application of clearly established law.

(6) Petitioner objects to the state court's **Strickland** analysis because the state court refused to analyze the second prong.

(7) "Petitioner objects to any deference under 28 U.S.C. § 2254, that Petitioner is entitled to *de novo* review."

(8) Petitioner states that he has never been given a suppression hearing on involuntary statements nor any post-conviction hearing to review counsel's performance. He states there are missing pieces of evidence and this demonstrates counsel failed at his duty to investigate the case.

(9) Petitioner objects to the "Petitioner's State Criminal Proceeding" section of the R&R.

(10) Petitioner objects to the "Petitioner's Direct Appeal" section of the R&R.

(11) Petitioner objects to the "Petitioner's State Habeas Proceeding" section of the R&R.

(12) Petitioner objects to the "Respondent's Motion for Summary Judgment" section of the R&R.

(13) Petitioner objects to the "Petitioner's Response to the State's Motion for Summary Judgment" section of the R&R.

In general, petitioner's objections suffer from a lack of support. The objections center around his ineffective assistance of counsel claim and arguments that the federal courts should not give deference to the state court findings that there was no ineffective assistance of counsel. Additionally, petitioner objects to parts of the magistrate judge's simple reiteration of the factual and procedural background of this case.

### A. Ineffective Assistance of Counsel and Deference to State Court

"The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." **Hope v. Cartledge**, 857 F.3d 518, 523 (4th Cir. 2017) (*citing* **Kimmelman v. Morrison**, 477 U.S. 365, 374 (1986)). When a petitioner brings a claim for ineffective assistance of counsel, counsel's conduct is measured under the two-prong analysis articulated in **Strickland v. Washington**, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id. at 687.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* To satisfy the second or "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. Absent certain situations where the reliability of a trial becomes so questionable that the defendant need not show that he was actually prejudiced and prejudice is instead presumed, a defendant must show that his

counsel's performance was deficient and prejudicial to prevail on a claim of ineffective assistance of counsel in accordance with **Strickland**. **United States v. Ragin**, 820 F.3d 609, 612 (4th Cir. 2016) (citing **United States v. Cronic**, 466 U.S. 648 (1984)).

While petitioner raises two separate grounds for relief based on ineffective assistance of counsel in his petition [Doc. 1], he waived Ground Three in his Objections, and only raised objections to his claim based on trial counsel's failure to move to suppress the petitioner's statements. This Court shall review the objections *de novo*. The Court will address each objection in turn.

1. *Objection No. 1*

In objection number one, petitioner states that his objections "surround Ground One: Trial Counsel's failure to move to suppress the Petitioner's statements made under a promise of leniency prior to trial constitutes ineffective assistance of counsel." This broad, blanket statement offers no evidence or facts that support a successful claim of ineffective assistance of counsel. However, the Court will address one aspect of petitioner's argument that is a recurring theme throughout his petition and objections.

Petitioner repeatedly claims that his Sixth Amendment right to effective assistance of counsel was violated because of his trial counsel's failure to move to suppress statements "made under a promise of leniency." First, the WVSCA already held that his statements were made voluntarily. Second, even if there was not already multiple WVSCA rulings on the issue, there was never any "promise of leniency."

Petitioner refers to "plea negotiations" as well as a promise of leniency. His only offered evidence of this is an Action Taken Report detailing a conversation between his

13

ex–wife and a police officer, where the police offer clearly reports that "he could not make her any promises" in response to the ex-wife asking whether petitioner would be favorable to petitioner's case if he returned the stolen property. [Doc. 34-1]. This clearly does not constitute a plea negotiation, and this clearly is not a "promise of leniency." In fact, it is the opposite as the officer stated he could not make any promises.

  *2. Objection No. 2*

In the second objection, petitioner objects to any deference given to the state court in the R&R. Petitioner cites three United States Supreme Court cases and offers a quote from **Strickland** stating "a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d), but is a mixed question of law and fact." **Strickland**, 466 U.S. at 670, 104 S. Ct. at 2056.

As Magistrate Judge Seibert correctly stated in his R&R, federal courts reviewing a habeas petition use a "highly deferential lens" mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As explained above, in order to grant federal habeas relief, the federal court must conclude that the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established federal law. **Williams v. Taylor**, 529 U.S. 362 (2000). Petitioner's arguments fail because the United States Supreme Court has explicitly demanded that federal courts give deference to state court adjudication in the federal habeas context.

### 3. Objection No. 3

In his third objection, petitioner objects to the recommendation to grant respondent's motion for summary judgment. Petitioner does not add any further details or support for why his objection should be sustained.

### 4. Objection No. 4

In petitioner's fourth objection, he objects to Magistrate Judge Seibert's recommendation that this Court deny petitioner's motion for an evidentiary hearing and motion for appointment of counsel. Petitioner argues "the voluminous amount of favorable evidence" shows that the statements were involuntary and his counsel's "failure to introduce through a suppression hearing was never questioned, reviewed, or fairly decided by the State Court." He further argues that he should be afforded a hearing on his claims.

Contrary to petitioner's arguments, there is not a "voluminous" amount of evidence that demonstrates any support that petitioner's right to effective counsel was violated. The evidence shows that the statements were voluntary and that there was not even a promise of leniency. Therefore, petitioner is not entitled to any relief, and this Court finds no need for an evidentiary hearing or appointment of counsel.

### 5. Objection No. 5

In his fifth objection, petitioner argues that the state court's decision on the ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law. The state Circuit Court decision to deny habeas relief, incorporated by the WVSCA, correctly recognized and applied the ***Strickland*** test. The Circuit Court also noted that the WVSCA, in review of petitioner's direct appeal, found that all the statements given to Officer Pearrell were voluntarily given. Therefore, because the

statements were voluntary, and therefore, admissible, counsel's performance to not move to suppress the statements were not unreasonable. Since the state court correctly applied the appropriate standard, this Court does not find the state court's decision to be contrary to federal law or unreasonable.

      6. *Objection No. 6*

In his sixth objection, petitioner argues that the state court "omitted one or more dimensions of the requisite constitutional analysis of **Strickland**" by refusing to analyze the second prong. He argues that since the state court only analyzed the first prong—whether counsel's performance was deficient—that the state court's analysis was contrary to or involved unreasonable application of clearly established federal law. To prove an ineffective assistance of counsel claim, claimants must prove both that counsel's conduct was deficient and that the deficient performance prejudiced the defense.

However, since the state court found that petitioner did not prove the first prong, there was no reason to analyze the second prong because both prongs must be proven. It would be futile and a waste of time to analyze both prongs of the test since the court already held that petitioner did not prove the first prong.

      7. *Objection No. 7*

Petitioner's seventh objection reads: "Petitioner objects to any deference under 28 U.S.C. § 2254, that Petitioner is entitled to *de novo* review." It is not clear to what deference petitioner is referring. This Court has already explained above the deference owed to a state court adjudication. Additionally, this Court acknowledges again that this Court is to review *de novo* the objections made to an R&R.

*8. Objection No. 8*

In his eighth objection, petitioner states that he has never been given a suppression hearing and that "there are missing pieces of factual evidence and testimony in the record, but these have never been introduced to dispute Cpl. Pearrell's testimony." He argues that this "clearly demonstrates" trial counsel failed at his duty to investigate the case.

This objection is another ineffective assistance of counsel claim. The state court has applied **Strickland** correctly and found that petitioner has not proven the ineffective assistance of counsel claims. This Court finds the state court's application of the correct standard as reasonable, and therefore petitioner is not entitled to relief.

Further, the "missing pieces" of evidence do not change the analysis. Nothing the petitioner attached to any of his filings change anything. In fact, they help prove the opposite. The report that petitioner claims as his support of a "promise of leniency" clearly shows that there was no promise of leniency or plea negotiation.

**B. Objections to the R&R's Recitation of Factual and Procedural Background**

The petitioner's objections numbered nine through thirteen are all objections to subsections of the R&R's simple recitation of factual and procedural background of this case. In these objections, he argues that there are missing documents and inaccurate testimony. This Court has reviewed the objections and the filings by petitioner but finds there is nothing that supports petitioner's claims.

Interspersed within these objections are some of the same legal arguments petitioner has made in the previous objections, which the Court finds are without merit.

## V. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 36]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections to Report and Recommendation **[Doc. 46]** are **OVERRULED**. Additionally, petitioner's docketed Motion for Evidentiary Hearing **[Doc. 47]**, which is identical to petitioner's Objections to Report and Recommendation, is **DENIED**. Additionally, petitioner's Motion for Evidentiary Hearing and Motion for Appointment of Counsel **[Doc. 31]** is **DENIED**. Accordingly, respondent's Motion for Summary Judgment **[Doc. 22]** is hereby **GRANTED** and petitioner's Petition Under 28 U.S.C § 2254 is hereby **DENIED and DISMISSED WITH PREJUDICE**. The clerk is directed to enter judgment in favor of the respondent. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court.

Upon an independent review of the record, this Court hereby **DENIES** petitioner's Motion for a Certificate of Appealability **[Doc. 48]**, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: September 4, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE